UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN Q. ADAMS, | |
| Plaintiff, | 3:06-cv-00707-LRH-VPC |
| v. | ORDER |
| JOHN McDONALD, JANNET VREELAND, TOM JUDY, JULIE RAILEY, and NEVADA SYSTEM OF HIGHER EDUCATION, | |
| Defendants. | |

Before the court is Defendants John McDonald and Nevada System of Higher Education's (collectively "Defendants") Second Motion for Summary Judgment (#37[1]). Plaintiff John Q. Adams has filed an opposition (#40) to which Defendants replied (#41).

**I.    Facts and Procedural History**

This is a civil dispute arising out of Plaintiff's employment with the University of Nevada School of Medicine. The court and the parties are familiar with the facts giving rise to this case, and the court need not repeat them here.[2]

On August 15, 2008, this court entered an order granting in part and denying in part

---

[1]Refers to the court's docket entry number.

[2]For an in-depth discussion of the facts, see the court's August 15, 2008, order (#36).

Defendants' Motion for Summary Judgment (#31). (*See* Order (#36).) The court found that no genuine issues of material fact existed with regard to the following of Plaintiff's claims: (1) First Amendment retaliation; (2) Fourth Amendment violation; (3) defamation; (4) stigma-plus; (5) tortious interference with an existing and prospective contractual relationship; and (6) false light. Accordingly, the court entered summary judgment as to these claims. However, the court found that Plaintiff had presented genuine issues of material fact with respect to his breach of contract claim against the Nevada System of Higher Education ("NSHE") and his procedural due process claim against Defendant McDonald and NSHE.

In its order, the court recognized that issues of law not presented to the court in the motion for summary judgment (#31) may render a trial unnecessary on some of Plaintiff's claims. In particular, the court noted NSHE may be entitled to immunity from suit under the Eleventh Amendment to the United States Constitution. Accordingly, the court granted Defendants thirty days to file the second motion for summary judgment now before the court.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

As noted, Plaintiff's claims for breach of contract and violations of procedural due process are the only claims remaining before the court. Defendants seek summary judgment with regard to each of these claims.

**A. Immunity of NSHE**

Plaintiff alleges NSHE breached its employment contract with Plaintiff and violated his right to procedural due process. Defendants contend summary judgment is warranted with respect to the breach of contract and due process claims because NSHE is a state entity entitled to Eleventh Amendment immunity.

The Eleventh Amendment bars suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "In the absence of a waiver by the state or a valid congressional

3

override, under the Eleventh Amendment, agencies of the state are immune for private damage actions or suits for injunctive relief brought in federal court." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "Nevada has explicitly refused to waive its immunity to suit under the Eleventh Amendment." *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (*citing* Nev. Rev. Stat. § 41.031(3)).

Defendants contend NSHE is a state entity entitled to immunity under the Eleventh Amendment. The court considers the following five factors in determining whether an entity is an arm of the state entitled to immunity: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central government functions; (3) whether the entity may sue or be sued; (4) whether the entity has the power to take property in its own name or only the name of the state; and (5) the corporate status of the entity. *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The first factor, whether a judgment would impact the state treasury, is the most critical factor. *Alaska Cargo Transp. v. Alaska R.R. Corp.*, 5 F.3d 378, 380 (9th Cir. 1993) (citations omitted).

"[T]he University system operates as a branch of the Nevada State government and . . . the state is obligated to provide sufficient funds for its operation . . . ." *Johnson v. Univ. of Nev.*, 596 F. Supp. 175, 178 (D. Nev. 1984). In *Johnson*, the court found that the University of Nevada and its Board of Regents were state entities entitled to immunity under the Eleventh Amendment. *Id.* In finding the University and Board to qualify as state entities, the court noted, "Support and maintenance of the university system comes from the direct legislative appropriation from the general fund and land grants originally given to the State of Nevada in 1862 by the Federal government." *Id.* (*citing* Nev. Rev. Stat. § 396.370).

Similarly, in *Simonian v. University and Community College System*, the Nevada Supreme Court held that the University and Community College System is a state entity for purposes of the Federal Claims Act because the System is (1) subject to the approval and control of the state

4

government; (2) treated to some extent as a state entity within the Nevada Revised Statutes; and (3) through its Board, in possession of some sovereign powers. 128 P.3d 1057, 1061-62 (Nev. 2006) (citations omitted).

The "University of Nevada System" and the "University and Community College System" referred to in *Johnson* and *Simonian*, respectively, are now know as NSHE. *See* Nev. Rev. Stat. § 396.020. As the courts recognized in *Johnson* and *Simonian*, pursuant to Nevada law, the general fund provides funding for NSHE, and any damages awarded against NSHE would be chargeable to the State. Further, because NSHE operates as a branch of the Nevada State government, it performs government functions. Accordingly, the court finds that NSHE is a state entity immune from suit under the Eleventh Amendment, and the court will dismiss Plaintiff's remaining claims against it.[3]

**B. Procedural Due Process**

Plaintiff alleges Defendant McDonald intentionally violated his right to procedural due process in violation of 42 U.S.C. § 1983. Defendants contend summary judgment is warranted with respect to this claim because the Eleventh Amendment bars such an action for damages against an individual defendant acting in his official capacity. Indeed, where a plaintiff seeks money damages against agents and officers of the United States for actions taken in their official capacities, the suit is essentially an action against the federal government. *See Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Brandon v. Holt*, 469 U.S. 464, 472 (1985). Thus, the doctrine of sovereign immunity extends to protect from suit federal employees acting within their official capacities. *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) (citation omitted).

Plaintiff counters that he has sued Defendant McDonald in his individual, not his official, capacity. As a preliminary matter, the court rejects Defendants' argument that "[t]o determine

---

[3] Plaintiff argues Defendants waived their right to assert immunity under the Eleventh Amendment. This argument is without merit because Defendants asserted the defense in their answer and raised it in their original motion for summary judgment.

5

whether McDonald is being sued in his official or individual capacity one must look at the underlying act that is the basis for the claim." (Defs.' Second Mot. Summ. J. (#37) at 7.)  The Supreme Court rejected a similar argument in *Hafer v. Melo*, stating, "[T]he phrase 'acting in their official capacity' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."  502 U.S. 21, 26 (1991).  *See also Rutledge v. Ariz. Bd. of Regents*, 660 F.2d 1345, 1350 (9th Cir. 1981) ("The mere fact that [the defendant's] wrongs occurred in the scope of his employment . . . does not require the conclusion that the suit in this respect is against the state.")

Defendants next argue Defendant McDonald is entitled to Eleventh Amendment immunity because Plaintiff has failed to demonstrate that Defendant McDonald acted in violation of the Constitution or other law.  Defendants argue, "[A] suit against a state official for acts wrongful under general law is not barred by the Eleventh Amendment."  (Defs.' Second Mot. Summ. J. (#37) at 7 (*citing Rutledge*, 660 F.2d at 1349).)  Defendants then attempt to demonstrate that no constitutional violation occurred here, and as a result, Defendant McDonald is entitled to immunity.

Defendants approach erroneously attempts to blend the merits of Plaintiff's claim with the initial determination of whether Defendants are entitled to immunity from suit.  The determinative question is the capacity in which Plaintiff has sued Defendant as set forth by the allegations in the complaint.  *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (citations omitted) (noting to determine whether defendant is entitled to Eleventh Amendment immunity, the court need only to look to the allegations in the complaint).

The complaint names Defendant McDonald as "an individual."  While the complaint does not specifically name Defendant McDonald in his "individual capacity," "where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities."  *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1285 (9th Cir. 1994) (citation omitted).  "Any other construction would be

illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." *Id.* Accordingly, the court finds that the doctrine of sovereign immunity does not bar Plaintiff's claims against Defendant McDonald in his individual capacity.[4]

Finally, Plaintiff contends Defendants are improperly attempting to restate arguments asserted in their original motion for summary judgment. However, a district court has discretion to entertain a second motion for summary judgment. *See Knox v. Sw. Airlines*, 124 F. 3d 1103, 1105-06 (9th Cir. 1997) (rejecting contention that successive motions for summary judgment are impermissible); *see also Whiteford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("The denial of summary judgment is not a final judgment; rather, it is an interlocutory order. Thus, the denial of summary judgment has no res judicata effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good cause exists.")

Plaintiff alleges Defendants violated his rights to procedural due process by failing to provide notice of his termination in compliance with the terms of his contract and Nevada law. (*See* Compl. (#1), ¶ 22.) Title 2, Chapter 5, Section 5.9.1(c) of the NSHE Code provides that "notice of nonreappointment to employment of nontenured . . . administrative faculty . . . shall be given . . . [a]t least 365 calendar days in advance of the termination of each succeeding employment contract . . . ." (NSHE Code (#31), Ex. M.)[5]  In its previous order, the court found that genuine issues of material fact remained as to whether Defendants provided the required notice.

---

[4] Defendant McDonald nonetheless may be entitled to qualified immunity. "State officials are entitled to qualified immunity if their conduct did not 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Shoshone-Bannock Tribes*, 42 F.3d at 1285 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). However, Defendants have not asserted such an argument.

[5] Title 2, Chapter 5, Section 5.4.3 of the NSHE Code provides that "[t]he provisions of the Nevada System of Higher Education Code, in their entirety, shall be part of the terms and conditions of every employment contract, except as may be varied in writing by the parties to the contract." Defendants do not contend Plaintiff did not have an employment contract with NSHE.

7

Defendants argue Plaintiff does not have a protected property interest in receiving 365 days notice for the termination of his employment. As Defendants note, "Procedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest." *Jacobson v. Hannifin*, 627 F.2d 177, 180 9th Cir. 1980). Instead, "A constitutionally protected interest has been created only if the procedural requirements are intended to be a 'significant substantive restriction' on the University's decision making." *Goodisman v. Lytle*, 724 F.2d 818, 820 (9th Cir. 1984) (*quoting Jacobson*, 627 F.2d at 180). The notice provision at issue here is procedural and does not contain significant substantive limitations on the discretion of the NSHE decision maker. Thus, although the provision provides procedural steps for NSHE to follow, these steps have no constitutional significance.

While Plaintiff does not have a protected interest in receiving the specified notice, the question remains whether, as Plaintiff asserts, "absent the required notice, [Plaintiff's contract] continued for another academic year." (Pl.'s Opp. (#40) at 2.) If Plaintiff possessed a protected property interest in the renewal of his contract or the continuation of his employment, he likely was entitled to notice and an opportunity for a hearing. *See Bd. of Regents v. Roth*, 408 U.S. 564, 570 n.7 (1972) (citation omitted).

At this time it is not clear to the court whether Plaintiff's employment contract automatically renewed upon NSHE's alleged failure to provide notice of his termination, and if his employment did renew, whether he possessed a protected property interest in the renewal.[6] Accordingly, the court will deny the motion for summary judgment as to the due process claim

---

[6] The court directs the parties attention to the Ninth Circuit's decision in *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310 (9th Cir. 1984). There, the court discussed a state law providing for six months notice before the employer could terminate the plaintiff employee. *Id.* at 1315. The provision specifically stated that without such notice, the plaintiff's contract was automatically renewable. *Id.* Nonetheless, the court found the provision did not create a protected property interest because the provision was merely a procedural requirement and not "intended to be a significant substantive restriction on the Board's decision making power over the employment of [the plaintiff] and provides no articulable standard that would define such restrictions. *Id.* (internal quotation marks and citations omitted). The court did not discuss whether the provision created a protected property interest in the plaintiff's continued employment.

against Defendant McDonald and grant Defendants thirty days to move again for summary judgment if they so desire.

    IT IS THEREFORE ORDERED that Defendants' Second Motion for Summary Judgment (#37) is GRANTED as to each of Plaintiff's claims against NSHE and DENIED as to Plaintiff's due process claim against Defendant McDonald.

    IT IS FURTHER ORDERED that Defendants are granted thirty (30) days to move again for summary judgment.  Plaintiff is granted fifteen (15) days to file an opposition, and Defendants are granted ten (10) days to file a reply.

    IT IS SO ORDERED.

    DATED this 28th day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE